TEDDY VEANO

*vs.*

ARTHUR A. CRAFTS and GEORGE W. STACEY.

Penobscot.   Opinion March 9, 1912.

*Master and Servant.   Defective Staging.   Trial.   Nonsuit.   Evidence. Exceptions.*

When a master furnishes to his servants, employed in constructing a building, sufficient materials of a suitable character with which to build a staging, and the servants undertake to build it for themselves, the master is not liable to a servant who is injured by reason of a defect in its construction; and this is so, even if one of the servants who helped build the staging was foreman of the crew.

A nonsuit is properly ordered, when there is no evidence to support a finding which is essential to the plaintiff's right to recover.

Exceptions taken during a trial, but not noticed in the bill of exceptions, cannot be considered by the Law Court.

On exceptions by plaintiff.   Overruled.

Action on the case to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant, and

caused by the alleged negligence of the defendant. Plea, the general issue. At the conclusion of the plaintiff's testimony the presiding Justice ordered a nonsuit and the plaintiff excepted.

The case is stated in the opinion.

*George E. Thompson, and Charles J. Dunn,* for plaintiff.

*C. W. Hayes,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, CORNISH, BIRD, HALEY, HANSON, JJ.

SAVAGE, J. Exceptions to order of nonsuit.

The defendants, who are copartners under the name of the Shirley Lumber Company, were building a one story shed with single roof in lean-to form, adjoining and attached to their mill in Shirley. The shed was thirty two feet long by the side of the mill, and sixteen feet wide. The row of studding on the back side of the shed was stayed by stay laths, so called, nailed to the studding at one end and to the window casing in the side of the mill at the other. The stay laths were therefore about sixteen feet long. The window casing was a one inch pine board, and the end of the stay lath of which the plaintiff here complains was nailed to the casing with three wire board nails. During the progress of the work, it became necessary to have a staging on the inside of the shed next to the mill, in order that the workmen could conveniently handle and fasten the rafters overhead. Instead of building a staging specially for the purpose, the workmen, including one Huff who was the foreman and had charge of the erection of the building, placed planks for a staging across the stay laths near the mill structure, using them for supports. No support had been placed under the stay laths between their ends.

The plaintiff was employed by the defendants in general work about the mill or yard, but in the afternoon of the day in question was set to work with other men on the shed. The staging was then in place and part of the rafters had been put on. The men began to place other rafters in position. The plaintiff got onto the staging to spike the upper end of a rafter, and while so engaged, the end of a stay lath underneath the staging pulled away from the window casing to which it had been nailed. The three nails pulled

out.  The staging planks fell and the plaintiff was thereby pre-
cipitated to the stringers under him and sustained serious injuries,
for which he seeks to recover, at common law, in this action.

The case turns upon whether the defendants had undertaken to
furnish the staging as a completed structure for the use of the
plaintiff, or whether they merely undertook to furnish suitable and
sufficient materials, with which their servants undertook to build
the staging for themselves, and as they pleased.  If the jury would
be warranted by the evidence in finding that the former alternative
is true, that is, that the defendants undertook to furnish the staging
as a completed structure, the order of nonsuit was erroneous; if
the other, and the only other, alternative is true, the order was
correct.

We think the case clearly falls within the second of the above
named classes.  There is no evidence which would warrant a find-
ing that the defendants undertook to build this staging.  It is true
that the defendants had a foreman on the work, and that the jury
would have been warranted in finding that the foreman assisted in
making the staging in the manner stated.  But that is not enough.
Whether the servants of the defendant, including the foreman,
were fellow servants of each other in building the staging, so that
the negligence of one is assumed by each of the others, or whether
they were not, depends not upon their relative rank as servants, but
upon the nature of the duty that was being performed.  *Small* v.
*Manufacturing Co.,* 94 Maine, 554.

Here it is not shown that the defendants themselves had anything
to do with the details of the construction of the shed.  They might
well anticipate that a staging would be convenient, if not necessary,
in putting in place a few rafters, which so far as the case shows
was the only use for which a staging was required.  But they
furnished at hand all the materials that were needed, and we think
that the only understanding that can be imputed to them is that the
workmen should make such stagings out of the materials as they
needed, and in such manner as pleased themselves.  And in such a
case, the master is not chargeable for the negligence of one of the
servants causing injury to another, even though the negligent
servant may chance to be superior in grade to the injured one.
They are fellow servants, and the fellow servant rule of assump-
tion of risk applies.

The facts in this case are widely different from those in *Mc-Carthy* v. *Claflin,* 99 Maine, 290, and *Elliott* v. *Sawyer,* 107 Maine, 195, cited and relied upon by the plaintiff. They are more nearly like the facts in *Pellerin* v. *Paper Co.,* 96 Maine, 388, *Amburg* v. *Paper Co.,* 97 Maine, 327, and *Loud* v. *Lane,* 103 Maine, 309.

The order of nonsuit was correct, and the plaintiff's exceptions must be overruled.

The plaintiff's counsel have argued an exception to the exclusion of testimony. The record shows that an exception was noted at the time, but it was not preserved or referred to in the bill of exceptions, and for that reason cannot be considered.

*Exceptions overruled.*